E-FILED
Thursday, 30 November, 2017 12:36:36 PM
Clerk, U.S. District Court, ILCD

FILED
10/30/2017 12:10 PM
TAZEWELL COUNTY CIRCUIT CLERK
TENTH JUDICIAL CIRCUIT OF ILLINOIS

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL DISTRICT
## TAZEWELL COUNTY, ILLINOIS

| | |
|---|---|
| EMILY KIEFER, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BOB EVANS FARMS, LLC and BOB EVANS RESTAURANTS, LLC | ) ) ) |
| Defendants. | ) ) |

Case No.
17-L-112

Judge

JURY TRIAL DEMANDED

> THIS CASE IS SET FOR A MANAGEMENT CONFERENCE
> ON _____ April 05 _____ 2018
> AT _9:15 am___ AM PM IN COURTROOM 308
> OR The Tazewell County Courthouse
> IF THE DEFENDANT(S) ANSWER(S) MORE THAN 35 DAYS
> BEFORE THIS DATE, THEN THE PARTIES SHALL
> SCHEDULE A CASE MANAGEMENT CONFERENCE WITHIN
> 35 DAYS OF THE DATE THE ANSWER'S PLED.

### CLASS ACTION COMPLAINT

Emily Kiefer ("Plaintiff"), through her attorneys, on behalf of herself and all other persons similarly situated, known and unknown, for her Class Action Complaint against Bob Evans Farms, LLC and Bob Evans Restaurants, LLC ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

2.     Until April 28, 2017, Defendant Bob Evans Farms, LLC operated "Bob Evans" casual dining restaurants across the United States, including approximately fourteen (14) restaurants in Illinois.

3.     In a transaction that closed on April 28, 2017, the restaurants operated by Defendant Bob Evans Farms, LLC were sold for $565 million to a San Francisco private equity firm called Golden Gate Capital.

4.     Golden Gate Capital purchased the Bob Evans restaurants through Bob Evans Restaurants, LLC, and has operated the restaurants under that legal entity since April 28, 2017.

1



5.      Plaintiff has worked as a server at a Bob Evans restaurant in Pekin, Illinois since approximately September 2015.

6.      In approximately February 2017, as a condition of continued employment, Defendant Bob Evans Farms, LLC began requiring Plaintiff and other hourly paid restaurant employees to use a biometric point-of-sale system to record their time worked and to enter customer orders.

7.      Here's what that means: Defendant Bob Evans Farms, LLC required Plaintiff and other hourly employees to scan their fingerprints in Defendant's point-of-sale system to clock in or out of a shift, to place customer orders, and to perform other point-of-sale transactions.

8.      Defendant Bob Evans Restaurants, LLC continued requiring Plaintiff and other hourly employees to use their fingerprints in the point-of-sale system to record their time worked and to enter customer orders/transactions.

9.      Before implementing the biometric point-of-sale system, Plaintiff and other hourly employees recorded their time worked and entered customer orders by entering a four digit identification number in the restaurant's point-of-sale system.

10.     Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

11.     By requiring employees to use their fingerprints, instead of identification numbers or badges, Defendants ensured that one employee cannot clock in or perform customer transactions for another.

12.     Thus, there's no question that Defendants benefited from using a biometric point-of-sale system.

13.     But there's equally no question that Defendants placed employees at risk by using

2

their biometric identifiers to "punch the clock" and place customer orders.

14.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

15.     Accordingly, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

16.     Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers of Plaintiff and others similarly situated without following the strictures of the Biometric Information Privacy Act.

17.     As a result, Defendants violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers of Plaintiff and others similarly situated.

**JURISDICTION AND VENUE**

18.     This Court has jurisdiction over Defendant Bob Evans Farms, LLC under 735 ILCS 5/2-209 because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed certain of the statutory violations alleged in this Class Action Complaint in Illinois.

19.     This Court has jurisdiction over Defendant Bob Evans Restaurants, LLC under 735 ILCS 5/2-209 because Defendant does business in Illinois, is registered to do business in Illinois, and committed certain of the statutory violations alleged in this Class Action Complaint in Illinois.

20.     Tazewell County is a suitable venue for this litigation because, during the relevant time period, each Defendant operated a Bob Evans restaurant in Tazewell County and committed

3

certain of the statutory violations alleged in this Class Action Complaint in Tazewell County.

**THE PARTIES**

21.    Plaintiff is domiciled in Marshall County, Illinois.

22.    From approximately September 2015 to the present, Plaintiff has worked as a server at the Bob Evans restaurant located at 3440 Court Street in Pekin, Illinois.

23.    During her employment, Plaintiff typically worked between approximately twenty (20) and thirty-eight (38) hours per week.

24.    Defendant Bob Evans Farms, LLC is an Ohio limited liability company.

25.    Defendant Bob Evans Farms, LLC's principal place of business is located at 3776 S. High Street, Columbus, OH 43207.

26.    Defendant Bob Evans Restaurants, LLC is an Ohio limited liability company.

27.    Defendant Bob Evans Restaurants, LLC's principal place of business is located at 8111 Smith's Mill Road, New Albany, OH 43504.

**REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT**

28.    In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

29.    The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

30.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

31.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a)

32.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

33.     Starting in approximately February 2017, Defendant Bob Evans Farms, LLC began requiring Plaintiff and other hourly restaurant employees in Illinois to scan their fingerprints in Defendant's Aloha point-of-sale system to clock in and out of each shift, to place customer orders, and to perform other customer transactions.

34.     After purchasing the Bob Evans restaurants, Defendant Bob Evans Restaurants, LLC continued requiring Plaintiff and other hourly restaurant employees in Illinois to scan their fingerprints in Defendant's Aloha point-of-sale system to clock in and out of each shift, to place

customer orders, and to perform other customer transactions.

35.     When Plaintiff scans her fingerprint in the restaurant's point-of-sale system, her fingerprint – or a geometric representation of her fingerprint – is disseminated and disclosed to Aloha, the point-of-sale system provider.

36.     When Defendant Bob Evans Restaurants, LLC purchased the Bob Evans restaurants on April 28, 2017, including the restaurants in Illinois, Defendant Bob Evans Farms, LLC transferred fingerprint information for Plaintiff and its other hourly employees to Defendant Bob Evans Restaurants, LLC through its Aloha point-of-sale system.

37.     Defendants never provided Plaintiff any written materials about their collection, retention, destruction, use, or dissemination of Plaintiff's fingerprint.

38.     Defendants never obtained Plaintiff's written consent, or release as a condition of continued employment, before collecting, storing, disseminating, or using Plaintiff's fingerprint.

39.     Defendants violated Plaintiff's privacy by capturing or collecting her biometric identifiers and information without her consent.

40.     Defendants diminished the value of Plaintiff's biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff seeks to represent two classes:

> Class 1: Servers and other hourly paid Bob Evans restaurant workers employed in Illinois by Defendant Bob Evans Farms, LLC who were required to scan their fingerprints in Defendant's point-of-sale system.

> Class 2: Servers and other hourly paid Bob Evans restaurant workers employed in Illinois by Defendant Bob Evans Restaurants, LLC who were required to scan their fingerprints in Defendant's point-of-sale system.

6

Collectively, Class 1 and Class 2 are "the Classes."

42.     Plaintiff and the Classes are similarly situated to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in Defendants' point-of-sale system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

43.     Defendant Bob Evans Farms, LLC employed more than 500 persons in Class 1.

44.     Defendant Bob Evans Restaurants, LLC employed more than 500 persons in Class 2.

45.     Thus, each of the Classes are so numerous that joinder of all class members is impracticable.

46.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Classes to use their fingerprints in Defendants' point-of-sale system to clock in or out of shifts, to place customer orders, and to perform other customer transactions; whether the Classes' fingerprints qualify as "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures of the Biometric Information Privacy Act.

47.     These common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

48.     Plaintiff, the members of the Classes, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

49.     If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the Classes, to the Court, and to Defendants.

50.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

51.     The books and records of Defendants are material to Plaintiff's case as they disclose how and when Plaintiff and the Classes scanned their fingerprints in Defendants' biometric point-of-sale system and what information Defendants provided Plaintiff and the Classes about their collection, retention, use, and dissemination of their biometric identifiers and information.

52.     Plaintiff and her counsel will fairly and adequately protect the interests of the Classes.

53.     Plaintiff retained counsel experienced in complex class action litigation.

### COUNT I
### Violation of the Biometric Information Privacy Act
### (Class Action)

54.     Plaintiff realleges and incorporates the previous allegations of this Complaint, as if fully set forth herein.

55.     Each Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

56.     Plaintiff's and the Classes' fingerprints and/or scan of fingers each qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

57.     Defendants have "biometric information" from Plaintiff and the Classes based on their acquisition and retention of Plaintiff's and the Classes' "biometric identifier[s]," as defined in the previous paragraph.

58.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Classes' fingerprints and/or scans of fingers without first informing them in writing that Defendants were doing so.

8

59.    Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Classes' fingerprints and/or scans of fingers without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's and the Classes' biometric identifiers and/or biometric information.

60.    Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Classes' fingerprints and/or scans of fingers without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Classes' biometric identifiers and/or biometric information.

61.    Defendants violated the Biometric Information Privacy Act by possessing Plaintiff and the Classes' fingerprints and/or scans of fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

62.    Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Classes' fingerprints and/or scans of fingers to their point-of-sale system provider without first obtaining Plaintiff's and the Classes' consent for that disclosure or dissemination.

63.    Defendant Bob Evans Farms, LLC also violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and Class 1's fingerprints and/or scans of fingers to Bob Evans Restaurants, LLC without first obtaining Plaintiff's and the Class 1's consent for that disclosure or dissemination.

64.    Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

65.    As a result, Defendants' violations of the Biometric Information Privacy Act were

reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.    Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated:  October 30, 2017

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Stephen P. Schneck (sschneck@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL DISTRICT
TAZEWELL COUNTY, ILLINOIS

EMILY KIEFER, on behalf of          )
herself and all other persons similarly   )
situated, known and unknown,        )          Case No.  17-L-112
                                    )
              Plaintiff,            )
                                    )
       v.                           )          Judge Risinger
                                    )
BOB EVANS FARMS, LLC and            )
BOB EVANS RESTAURANTS, LLC          )
                                    )
              Defendants.           )

## SUMMONS

TO:    Bob Evans Farms, LLC
       c/o Reg. Agent, C T Corporation System
       208 S. LaSalle Street, Suite 814
       Chicago, IL 6004

YOU ARE HEREBY SUMMONED and required to file an answer to the complaint in this case,
a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in
the Office of the Clerk of the this Court at the following location: 342 Court Street, Pekin, Il.
61554.  YOU MUST FILE within 30 days after service of this Summons, not courting the day of
service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST
YOU FOR THE RELEIF REQUESTED IN THE COMPLAINT.


Atty No.:    6204740                                    10/30/2017
Name:        Douglas M. Werman
Atty. for:   Plaintiff                          _Susan C. ufe___ DF
Address:     Werman Salas P.C.
             77 W. Washington Street, Suite 1402
             Chicago, IL  60602
Telephone:   (312) 419-1008
Primary Email:dwerman@flsalaw.com



IN THE CIRCUIT COURT OF THE TENTH JUDICIAL DISTRICT
TAZEWELL COUNTY, ILLINOIS

EMILY KIEFER, on behalf of )
herself and all other persons similarly )
situated, known and unknown, )   Case No.  17-L-112
)
Plaintiff, )
)
v. )   Judge Risinger
)
BOB EVANS FARMS, LLC and )
BOB EVANS RESTAURANTS, LLC )
)
Defendants. )

### SUMMONS

TO:   Bob Evans Restaurants, LLC
      c/o Reg. Agent, C T Corporation System
      208 S. LaSalle Street, Suite 814
      Chicago, IL 6004

YOU ARE HEREBY SUMMONED and required to file an answer to the complaint in this case,
a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in
the Office of the Clerk of the this Court at the following location:  342 Court Street, Pekin, IL
61554.  YOU MUST FILE within 30 days after service of this Summons, not courting the day of
service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST
YOU FOR THE RELEIF REQUESTED IN THE COMPLAINT.

Atty No.:   6204740
Name:       Douglas M. Werman
Atty. for:  Plaintiff
Address:    Werman Salas P.C.
            77 W. Washington Street, Suite 1402
            Chicago, IL  60602
Telephone:  (312) 419-1008
Primary Email:dwerman@flsalaw.com

Date:   October 30, 2017

SW

